1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11                              ----oo0oo----

12   SARA MONROE,
                                          NO. 2:08-cv-2944 FCD EFB
13            Plaintiff,

14        v.                              <u>MEMORANDUM AND ORDER</u>

15   ZIMMER US, INC.; ZIMMER, INC.;
     and Does 1 through 25,
16

17            Defendants.
     _____/

18                              ----oo0oo----

19        This matter is before the court on plaintiff Sara Monroe's

20   ("plaintiff" or "Monroe") motion to modify the pretrial

21   scheduling order, pursuant to Federal Rule of Civil Procedure 16,

22   to re-open discovery cut-off and expert disclosure dates for at

23   least thirty (30) days.[1]  Defendants Zimmer US, Inc. and Zimmer,

24   _____

25        [1]    The motion is characterized as a motion to extend
     discovery dates.  However, because the discovery deadlines at
26   issue have already passed, the court interprets the motion as one
     to reopen discovery.
27

28        Plaintiff concurrently filed a motion to stay proceedings
     pending ruling by the Judicial Panel on Multidistrict Litigation.
     Because the Panel has denied the motion for centralization, the
     court DENIES the motion to stay as MOOT.

1    Inc. (collectively "defendants") oppose the motion.  For the

2    reasons set forth below,[2] plaintiff's motion is GRANTED.

3                              **BACKGROUND**

4         On October 16, 2008, plaintiff filed a complaint in the

5    Superior Court of the State of California for the County of

6    Shasta against defendant, alleging state law claims of general

7    negligence and products liability.  Defendant removed the case

8    from state court on December 3, 2008 on the basis of diversity

9    jurisdiction.  The parties filed a Joint Status Report on

10   February 2, 2009.

11        On February 3, 2009, the court issued a Pretrial Scheduling

12   Order, setting a discovery deadline of February 5, 2010.  Initial

13   expert disclosures were due on February 19, 2010 and supplemental

14   expert disclosures were due on March 11, 2010.  On March 6, the

15   parties stipulated to extend the supplemental expert witness

16   disclosure deadline to April 5, 2010.

17        Plaintiffs' counsel contends that he was unaware of the

18   discovery deadline until January 21, 2010 because his assistant

19   failed to follow the customary practice of noting dates months

20   ahead of the deadlines to conduct discovery and to retain

21   experts.  (Decl. of Bonnie Prather ("Prather Decl."), filed Feb.

22   18, 2010, ¶ 3; Decl. of Steward C. Altemus ("Altemus Decl."),

23   filed Feb. 18, 2010, ¶ 22.)  Counsel also contends that because

24   he practices almost exclusively in state court where discovery is

25   only cut-off in the two months prior to trial, he did not

26

27        [2]   Because oral argument will not be of material
     assistance, the court orders the matter submitted on the briefs.
28   E.D. Cal. L.R. 230(g).

                                    2

1  contemplate that discovery deadlines were close or had passed.

2  (Altemus Decl. ¶¶ 16, 19.)   Counsel also believed that fact

3  discovery had been extended to March 8, 2010, based on a

4  stipulation that had not been filed with the court.[3]  (Id. ¶ 34.)

5      Furthermore, plaintiff's counsel asserts that he did not

6  realize defendants intended to challenge the qualifications of

7  plaintiff's expert until the deposition taken on February 2,

8  2010.  (Id. ¶¶ 25, 28.)   At that point he realized he needed to

9  retain the testimony of an expert to opine on the relationship

10 between the medical device used in plaintiff's case and the

11 damages suffered by plaintiff.  (Id. ¶ 29.)

12     On February 18, 2010, plaintiff filed a motion to modify the

13 pretrial scheduling order to reopen discovery.   Plaintiff

14 contends that such an extension is necessary to complete

15 discovery, including both factual discovery and expert

16 disclosures.  (See id. ¶ 47.)

17                          **ANALYSIS**

18     A pretrial order "may be modified only for good cause."

19 Fed. R. Civ. P. 16(b).   The district court may modify the

20 pretrial schedule "if it cannot reasonably be met despite the

21 diligence of the party seeking the extension."  Johnson v.

22 Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)

23 (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983

24

25      [3]   Plaintiff filed this stipulation on February 5, 2010.
   However, defendants objected to the stipulation on February 8,
26 2010, because the stipulation was entered into solely in the
   event that there was a problem getting the depositions of the
27 plaintiff and her treating doctor completed.  (Id. ¶ 34.)
   Plaintiff's counsel admits that he should not have filed the
28 stipulation without further communication with defense counsel.
   (Id. ¶ 35.)

                                3

amendment)).   The "good cause" standard set forth in Rule 16

primarily focuses upon the diligence of the party requesting the

amendment.   "Although the existence or degree of prejudice to the

party opposing the modification might supply additional reasons

to deny a motion, the focus of the inquiry is upon the moving

party's reasons for seeking modification."   Id.

The moving party may establish good cause by showing "(1)

that [he or she] was diligent in assisting the court in creating

a workable Rule 16 order; (2) that [his or her] noncompliance

with a Rule 16 deadline occurred or will occur, notwithstanding

[his or her] diligent efforts to comply, because of the

development of matters which could not have been reasonably

foreseen or anticipated at the time of the Rule 16 scheduling

conference; and (3) that [he or she] was diligent in seeking

amendment of the Rule 16 order, once it became apparent that [he

or she] could not comply with the order."   Jackson v. Laureate,

Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Plaintiff has demonstrated good cause to modify the Pretrial

Scheduling Order to reopen both fact and expert discovery.

Plaintiff was diligent in assisting the court in creating a

workable scheduling order.   Further, the delay in responding to

discovery in this case was caused by calendaring errors by

plaintiff's counsel's assistant as well as counsel's lack of

experience in federal court.   Moreover, plaintiff's counsel has

been cooperative in signing stipulations to extend discovery for

almost a month with respect to defendant's supplemental expert

disclosures.   Finally, plaintiff filed this motion on February

18, 2010, promptly after it became apparent that she could not

comply with the scheduling order.  Plaintiff has set forth a
detailed list of the anticipated discovery and estimated time to
complete it.  Because plaintiff has demonstrated good cause, her
motion to modify the pretrial scheduling order is GRANTED, and
discovery is reopened.

The scheduling order is modified as follows:

(1)  All discovery shall be completed by May 21, 2010.

(2)  Experts shall be designated by June 4, 2010.
     Supplemental experts shall be designated by June 25,
     2010.  All expert discovery shall be completed by July
     23, 2010.

(3)  All dispositive motions shall be heard no later than
     October 8, 2010.

(4)  The Final Pretrial Conference is set for December 3,
     2010 at 1:30 p.m.

(5)  The trial is set for March 1, 2011 at 9:00 a.m.

IT IS SO ORDERED.

DATED: April 16, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

5