UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SARA MONROE,

        Plaintiff,

    v.

ZIMMER US, INC.; ZIMMER, INC.; and Does 1 through 25,

        Defendants.
_____/

NO. CIV. S-08-2944 FCD EFB

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on plaintiff Sara Monroe's ("plaintiff") motion to modify the pretrial scheduling order, pursuant to Federal Rule of Civil Procedure 16, to extend the deadline for disclosure of expert witnesses.  Pursuant to the court's scheduling order of May 11, 2010 (Docket #50), the parties were required to disclose experts by July 6, 2010. Plaintiff now moves to extend the deadline to permit her to disclose damages experts by August 30, 2010; plaintiff asserts good cause exists for the extension in light of her retention of new counsel on July 8, 2010.  Defendants Zimmer US, Inc. and

Zimmer, Inc. ("defendants") oppose the motion, arguing plaintiff's retention of *additional co*-counsel in the case does not warrant a finding of good cause to permit the requested extension.[1]

This court previously granted plaintiff an extension of the expert witness deadline, finding that plaintiff should not be prejudiced by her counsel's admitted failure to properly calendar the applicable deadlines in the case. (See Mem. & Order, filed April 16, 2010 [Docket #43].) The court extended the original deadline of February 19, 2010 to June 4, 2010. (Id.) The parties subsequently agreed to a further extension of the deadline to July 6, 2010, and the court approved the parties' stipulation. (Docket #50.) On July 8, 2010, plaintiff filed Notices of Appearance adding co-counsel Schachter, Hendy & Johnson ("Schachter"). (Docket #s 60-62.) Her original counsel, Altemus & Wagner, remain as counsel of record.

A pretrial order "may be modified only for good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

Here, plaintiff has not shown good cause to permit an extension of the expert witness deadline. Plaintiff had an adequate opportunity to disclose a damages expert; her lack of diligence in doing so does not comport with the good cause required to extend the disclosure deadline. Shewbridge v. El Dorado Irrigation Dist., 2007 WL 1294392, *2 (E.D. Cal. Apr. 30, 2007) (emphasizing that diligence of the moving party is the threshold factor in determining whether good cause exists). Since the inception of the case, plaintiff and her counsel have known that damages is an essential element of plaintiff's products liability claims, and that if plaintiff desired to use an expert, disclosure had to made in accordance with the court's scheduling order. That order was subsequently modified by the court in April and May 2010, and plaintiff and her counsel were

3

well aware of the applicable deadlines, as the extensions were granted at plaintiff's request, via plaintiff's prior Rule 16 motion, and later at the parties' request, via a stipulation filed with the court.  Plaintiff offers no justification for failing to disclose a damages expert earlier; namely, no facts demonstrating that she later learned of the necessity for such expert or discovered any reason for the testimony only after the disclosure deadline.

Instead, she moves for relief herein on the ground that the retention of new counsel justifies the extension.  Plaintiff is incorrect.  Plaintiff has *added co*-counsel; she has not retained *new* counsel.  Indeed, her original counsel continues to represent her and fully participated in the prior proceedings establishing the applicable deadlines.  No good cause exists to permit an extension of the deadline based on Schachter's recent involvement in the action.

Because plaintiff has not shown the requisite diligence, the court need not consider any prejudice to defendants.  However, it notes that at this juncture in the case, defendants would be prejudiced by any further extension of the disclosure deadlines.  Currently, all expert discovery is due to be completed by August 24, 2010, and dispositive motions must be filed by September 23, 2010.  At this point in the case, further expert disclosures by plaintiff would impair defendants' ability to prepare their summary judgment motion.

///
///
///

4

1       Accordingly, plaintiff's motion to extend the expert witness
2  disclosure deadline is DENIED.
3       IT IS SO ORDERED.
4  DATED: August 17, 2010

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE